
RECEIVED
SEP 0 7 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| GREGORY PAUL WALKER | CIVIL ACTION NO. 05-0423 |
| VERSUS | JUDGE DOHERTY |
| JOHN PETRY, JR., et al | MAGISTRATE JUDGE MELVIN |

## MEMORANDUM RULING

The defendants' two motions are currently pending before this Court. The first is a Motion to Dismiss Pursuant to Rule 12(b)(2), in which the Kaplan Police Department seeks dismissal of Mr. Walker's claims against it on the basis that it is not a juridical person and, therefore, does not have the capacity to be sued. The plaintiff has not opposed this motion. Therefore, the Motion to Dismiss Pursuant to Rule 12(b)(2) appearing to be well-founded in law and fact, and being unopposed by the plaintiff, will be granted. All claims against the Kaplan Police Department will be dismissed with prejudice.

The second motion pending in this matter is the defendants' Motion to Dismiss Punitive Damages. This motion is opposed by the plaintiff and, for the following reasons, will be granted in part and denied in part.

Mr. Walker has alleged the following facts in his Complaint for Damages. He was falsely accused of attempted murder by John Petry, Jr., one of the named defendants, while Mr. Petry was working as a police officer for the Kaplan Police Department. On the basis of Mr. Petry's allegations, the District Attorney charged Mr. Walker with attempted murder of a police officer and Mr. Walker was arrested and held in jail.

At the time that Mr. Petry accused Mr. Walker of attempting to shoot him, Mr. Petry

allegedly was mentally and/or physically incompetent to do his job; this condition was due, in part, to the medication he was taking. Mr. Petry's condition later led to his employment being terminated by the Kaplan Police Department. Notwithstanding this fact, Steve Perry (Chief of the Kaplan Police Department and another named defendant) refused to inform the District Attorney of this development and to request that the charges against Mr. Walker be dismissed. Eventually, the charges were dropped by the District Attorney for lack of evidence against Mr. Walker.

Mr. Walker has named four defendants, only three of whom will remain after this ruling is issued: John Petry, Jr., Steve Perry, and the City of Kaplan. Against these defendants, Mr. Walker has asserted claims pursuant to 42 U.S.C. § 1983. Mr. Walker seeks recovery of punitive damages against all defendants. It is unclear precisely which of these defendants intended to join in the motion for dismissal of the punitive damages claim, so this Court will assume that all remaining defendants join in the motion.

The jurisprudence is clear on two points concerning punitive damages pursuant to 42 U.S.C. § 1983: they *are* generally available but they *cannot* be awarded against a municipality. *See* City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S. Ct. 748 (1981). While the plaintiff has cited several cases demonstrating that punitive damages are generally available under § 1983, none of the cited cases actually respond to the defendants' argument that punitive damages are not recoverable against a municipality. As to claims for punitive damages against the City of Kaplan, the jurisprudence is both clear and unchallenged; the defendants' motion appears to be well-founded in law and in fact. On the basis, all claims against the City of Kaplan will be dismissed. As to any claim asserted against any defendant in his individual capacity, however, the motion is not well-founded and will be denied.
2

The remaining difficulty this Court must address in association with ruling upon this motion is directed to the question of whether the plaintiff has asserted claims against the named individual defendants in (a) their individual capacities, (b) their official capacities, or (c) both capacities. Because it is important that the plaintiff clarify this issue immediately, Mr. Walker will be ordered to amend his complaint, to clarify precisely which claims he intends to assert herein.

For the foregoing reasons, the Motion to Dismiss Punitive Damages will be granted in part and denied in part.

THUS DONE AND SIGNED in Lafayette, Louisiana, this ___7___ day of September, 2005.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE