U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAR 3 1 2006

ROBERT H. SHE_____CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| GREGORY PAUL WALKER | CIVIL ACTION NO. 05-0423 |
| VS. | JUDGE DOHERTY |
| JOHN PETRY, JR.<br>STEVE PERRY | MAGISTRATE JUDGE HILL[1] |

## ORDER REGARDING HEIGHTENED PLEADING REQUIREMENT

In this §1983 civil rights suit, defendants John Petry, Jr. and Steve Perry are sued in their official capacities only.[2] Accordingly, no heightened-pleading review is necessary under Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995).[3]

Signed at Lafayette, Louisiana on March 31, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

---

[1] Although this case is assigned to Magistrate Judge Hill for all discovery purposes, Magistrate Judge Hill referred the motion to the undersigned for decision.

[2] Nevertheless, both defendants plead the defense of qualified immunity out of an abundance of caution.

[3] Schultea instructs that when public officials sued in their individual capacities plead qualified immunity in a §1983 case, the district court should "insist that a plaintiff file a reply" under Rule 7(a) Fed.R.Civ.P. The reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations." The court may ban discovery to allow the prompt filing of a dispositive motion, unless the court finds "that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts. Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56." Schultea v. Wood, 47 F.3d 1427, 1433-34.