RECEIVED
APR 21 2006

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| GREGORY PAUL WALKER | CIVIL ACTION NO. 05-0423 |
| VERSUS | JUDGE DOHERTY |
| JOHN PETRY, JR. STEVE PERRY | MAGISTRATE JUDGE HILL[1] |

## RULING ON AMOUNT OF RULE 37(a)(4) SANCTIONS

On February 23, 2006, the undersigned magistrate judge granted the motion to compel answers to interrogatories and responses to requests for production of documents and for attorney's fees filed by defendants John Petry, Jr. and Steve Perry on January 30, 2006.[2] Defendants were ordered to file an affidavit of fees and costs incurred in prosecuting the motion to compel so that the court could make an appropriate award. That affidavit, which is unopposed, is now before the court.[3]

Rule 37(a)(4)(A) FED. R. CIV. P. provides that when a motion to compel is granted, "the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing

---

[1] Although this case is assigned to Magistrate Judge Hill for all discovery purposes, on January 31, 2006, Magistrate Judge Hill referred the motion to compel to the undersigned for decision. See Rec. Doc. 20. Therefore, the undersigned magistrate judge is also handling the instant motion for attorney's fees.

[2] Rec. Doc. 23.

[3] Rec. Doc. 24.

party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust." Reasonable attorney's fees are determined by multiplying the reasonable hours expended by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). The calculation of reasonable hours requires a determination of whether the total number of hours claimed were reasonable and whether specific hours claimed were reasonably expended. League of United Latin American Citizens #4552 (LULAC) v. Rosco Independent Sch. Dist., 119 F. 3d 1228, 1232 (1997). A reasonable hourly billing rate is based on the "prevailing market rates in the relevant community." Blum v. Stenson, 465 U.S. 886, 895 (1984).

Defendants seek an award of $606.30 in attorney's fees and expenses, which includes 4.60 hours billed by attorney Lisa Mayer at a rate of $120.00 per hour, .40 hours billed by attorney John Wilkes at a rate of $120.00 per hour, and $3.30 in photocopying expenses. After reviewing the affidavit and the underlying discovery dispute, the undersigned concludes that the number of hours expended and the hourly rates sought are reasonable.

**IT IS THEREFORE ORDERED** that plaintiff Gregory Paul Walker shall forward payment to defendants through their counsel of record the sum of $603.30 within thirty (30) days following receipt of this order.

Signed at Lafayette, Louisiana on April 26, 2006.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)